# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSE M. FERNANDEZ,**

    Petitioner,

    -vs-                                    Case No. 13-C-1279

**MICHAEL BAENEN, Warden,**
**Green Bay Correctional Institution,**

    Respondent.

## DECISION AND ORDER

The respondent, Michael Baenen, moves to dismiss Jose M. Fernandez's petition for a writ of habeas corpus as untimely filed. The one-year limitations period began to run on August 11, 2010, ninety days after the Wisconsin Supreme Court denied Fernandez's petition for review on direct appeal. *Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). The period was tolled for 635 days, from March 17, 2011 through December 11, 2012, while a collateral attack was pending in state court. 28 U.S.C. § 2244(d)(2)(A). Fernandez didn't file his petition until November, 2013, almost six months after the limitations period expired.

In response, Fernandez argues that the trigger date for the AEDPA limitations period should be July 27, 2010, the date an amended judgment was entered. This amendment, which vacated a DNA cost surcharge, was merely clerical. It does not affect finality for purposes of the limitations period. *See, e.g., Haggerty v. Diaz*, No. CV 12-2219 DMG (JCG), 2013 WL 4718171, at *4 n.5 (C.D. Cal. Aug. 30, 2013)

("Because the amendment . . . was a correction of a clerical error, the correction was not and could not have been used to change the effect of the original judgment, so it in no way created a new final judgment"). More than that, Fernandez's petition is completely unrelated to the amendment, so it's difficult to understand how it can be a trigger for anything.

Fernandez also argues that he is entitled to equitable tolling because he was in administrative segregation for eight months, without access to his legal materials. A habeas petitioner is entitled to equitable tolling only if he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Fernandez states that he wasn't placed into segregation until January, 2013, preventing him from filing his petition during the final five months of the limitations period. Yet Fernandez fails to explain what prevented him from filing his petition earlier. Perhaps it was reasonable for Fernandez to wait until his collateral attack in state court had run its course, but even then, Fernandez had three weeks from remittitur until his placement; nothing prevented Fernandez from filing his petition during that time period. In any event, Fernandez's conclusory allegation that he was somehow prevented from accessing his legal materials are insufficient to warrant pursuing the matter any further. *See, e.g., Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996) ("A hearing is not necessary if the petitioner makes conclusory or speculative allegations rather than specific factual allegations").

In connection with this Order, the Court must consider whether to issue a certificate of appealability. Rule 11(a), Rules Governing Section 2254 Cases. The Court will not issue a certificate because reasonable jurists would not find the Court's procedural ruling debatable or wrong. *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the respondent's motion to dismiss [ECF No. 12] is **GRANTED**, and this matter is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of March, 2014.

**BY THE COURT:**

*[signature]*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**